IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **RASHAWN WILSON, et al.** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | ) No. CIV-23-1165-R |
| | ) |
| **CITY OF LAWTON, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## ORDER

Plaintiff filed this action against the City of Lawton and several individual defendants. On January 8, 2024, Plaintiff filed a proof of service [Doc. No. 3] purporting to effect service of process on the City of Lawton. This filing includes a Summons issued to the City of Lawton that neither bears the Clerk's signature nor the seal of the Court.

Rule 4(b) of the Federal Rules of Civil Procedure provides:

> On or after filing the complaint, the plaintiff may present a summons to the clerk for signature and seal. If the summons is properly completed, the clerk must sign, seal, and issue it to the plaintiff for service on the defendant. A summons--or a copy of a summons that is addressed to multiple defendants--must be issued for each defendant to be served.

Rule 4(a) additionally states that a summons must "be signed by the clerk" and "bear the court's seal." Fed. R. Civ. P. 4(a)(F)-(G). A summons that is not signed by the Clerk or issued under the seal of the court fails to confer personal jurisdiction over the defendant and is "incurably defective." *Cloyd v. Arthur Andersen & Co.*, 25 F.3d 1056 (10th Cir. 1994); *see also Ayres v. Jacobs & Crumplar, P.A.*, 99 F.3d 565, 569 (3d Cir. 1996) ("The parties cannot waive a void summons."); *Wells v. Ali,* 304 F. App'x 292, 295 (5th Cir. 2008)

("The requirements of Rule 4 are phrased in plainly mandatory language."); *Sarnella v. Kuhns*, No. 17-CV-02126-WYD-STV, 2018 WL 1444210, at *2 (D. Colo. Mar. 23, 2018) ("A summons which is not signed and sealed by the Clerk of the Court fails to confer personal jurisdiction over the defendants.").

Accordingly, within 21 days of the date of this Order, Plaintiff is directed to either (1) show cause why the service on Defendant City of Lawton should not be quashed or (2) properly effect service on Defendant City of Lawton.

IT IS SO ORDERED this 29th day of January 2024.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE